UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACORE A BAPTISTE,<br>Plaintiff,<br>v.<br>CITY AND COUNTY OF SAN FRANCISCO,<br>Defendant. | Case No. 26-cv-03349-RFL<br>**ORDER DENYING MOTION TO REMAND**<br>Re: Dkt. No. 11 |

Baptiste commenced this action in state court. After he filed an amended complaint, the City and County of San Francisco (the "City") removed the case to this Court. Baptiste now moves to remand, based solely on the argument that the City filed an untimely notice of removal. For the reasons set forth below, the motion to remand is **DENIED**. This Order assumes that the reader is familiar with the facts of the case, the applicable legal standards, and the parties' arguments.

"The notice of removal of a civil action or proceeding shall be filed within 30 days . . . ." 28 U.S.C. § 1446(b)(1). This 30-day "time limit starts to run only when the defendant has received the complaint *and* has been formally served." *Mayes v. Am. Hallmark. Ins. Co. of Tex.*, 114 F.4th 1077, 1078 (9th Cir. 2024) (emphasis in original) (citation omitted). Baptiste asserts that he served the City by emailing counsel using a third-party vendor on March 17, 2026. Therefore, according to Baptiste, the 30-day removal deadline lapsed on April 16, five days before the City filed its notice of removal on April 21. (*See* Dkt. No. 11 at ECF Pages 4, 6.)

This argument assumes, however, that Baptiste validly served the City on March 17. "When a case is removed from state court to federal court, the question whether service of process was sufficient prior to removal is governed by state law." *Whidbee v. Pierce Cnty.*, 857 F.3d 1019, 1023 (9th Cir. 2017) (citation omitted). Under California law, "[b]efore first serving

a represented person electronically, the person effecting service shall confirm the appropriate electronic service address for the counsel being served." Cal. Civ. Proc. Code § 1010.6(b)(3). In connection with its opposition brief, the City filed a declaration from counsel averring that no such confirmation occurred: "At no point did Plaintiff reach out to me to confirm what email address(es) he should serve to effectuate e-service on the City through its counsel." (Dkt. No. 23-1 ¶ 6.) Baptiste does not dispute this in his reply.

Accordingly, a preponderance of the evidence shows that Baptiste did not validly serve the City via email on March 17. *See, e.g.*, *Nuno v. Wells Fargo Bank, N.A.*, No. 17-cv-02281-FMO, 2017 WL 3018069, at *2 (C.D. Cal. May 11, 2017) (applying preponderance of the evidence standard in evaluating timeliness of removal); *Est. of Sarkissian v. Bentson*, No. BC708214, 2022 WL 22935170, at *2 (Cal. Super. Ct. Oct. 20, 2022) (service improper where no evidence of confirmation). The 30-day clock, therefore, did not begin to run on March 17, so the City timely removed this action on April 21.

**IT IS SO ORDERED.**

Dated: July 28, 2026

RITA F. LIN
United States District Judge