UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACORE BAPTISTE,<br>Plaintiff,<br>v.<br>CITY AND COUNTY OF SAN FRANCISCO,<br>Defendant. | Case No. 26-cv-03349-RFL<br>**ORDER GRANTING MOTION TO DISMISS**<br>Re: Dkt. No. 6 |

Jacore Baptiste filed this civil rights action against the City and County of San Francisco after it towed his car for having an expired registration. San Francisco has moved to dismiss Baptiste's amended complaint. For the reasons stated below, the motion is **GRANTED**.[1] This order assumes the reader is familiar with the facts of the case, the applicable legal standards, and the arguments made by the parties.

***Mootness.*** To the extent Baptiste's claims are based on not receiving notice of the right to a hearing after his car was towed, this challenge is moot, because Baptiste has said he "timely requested the post-storage hearing that California Vehicle Code section 22852 commands." (Dkt. No. 32 at 1.)[2] His timely request demonstrates that, regardless of whether he received notice, he knew of the right and exercised it, and so the Court cannot grant any further relief. *See Serena v. Mock*, 547 F.3d 1051, 1053–54 (9th Cir. 2008) ("Appellants' knowledge of the application procedures renders their challenge to the recruitment procedures moot, since there is no effective relief that can be granted on this claim." (footnote omitted)).

[1] San Francisco's request for judicial notice (Dkt. No. 35) is denied as moot.
[2] All citations to page numbers refer to ECF pagination.

***Due Process.*** Baptiste has failed to state a due process violation under 42 U.S.C. § 1983 against San Francisco, because he has not alleged any policy or custom violated his due process rights. *See Gordon v. Cnty. of Orange*, 6 F.4th 961, 973 (9th Cir. 2021) ("To impose *Monell* liability on a municipality under Section 1983, plaintiff must prove: (1) [plaintiff] had a constitutional right of which he was deprived; (2) the municipality had a policy; (3) the policy amounts to deliberate indifference to his constitutional right; and (4) the policy is the moving force behind the constitutional violation." (citation and internal quotation marks omitted)). Baptiste's opposition argues that San Francisco has a policy of treating internal paper reviews as hearings, but that allegation is not in his amended complaint.

Moreover, Baptiste has not cited any authority holding that due process requires an oral hearing in this setting, rather than a decision on the papers. *See, e.g.*, *Burchett v. Cardwell*, 493 F.2d 492, 494–95 (9th Cir. 1974) ("[T]he opportunity to be heard orally on questions of law is not an inherent element of procedural due process, even where substantial questions of law are involved."); *Toquero v. I.N.S.*, 956 F.2d 193, 196 n.4 (9th Cir. 1992) ("[I]t is well settled that oral argument is not necessary to satisfy due process."). Similarly, Baptiste has not cited any authority holding that San Francisco violated due process by having its own employee make the decision, which is explicitly allowed by California Vehicle Code § 22852. *See* Cal. Veh. Code § 22852(c) ("The public agency may authorize its own officer or employee to conduct the hearing if the hearing officer is not the same person who directed the storage of the vehicle."); *Goichman v. Rheuban Motors, Inc.*, 682 F.2d 1320, 1323–26 (9th Cir. 1982) (holding that the procedures of California Vehicle Code § 22852 comply with procedural due process); *Salazar v. City of Maywood*, 414 F. App'x 73, 75 (9th Cir. 2011) ("The fact that the hearing examiner is employed by the agency, absent more, does not create a due process violation.").

***Mandatory Duty.*** For similar reasons, Baptiste has failed to state a mandatory duty claim under California Government Code § 815.6. Even assuming California Vehicle Code § 22852 imposes any duties on San Francisco, Baptiste has not alleged any facts that would show San Francisco violated those duties. Contrary to Baptiste's assertions, the statute does not require

that hearings be oral, and as explained above, it explicitly states that the adjudicator may be an employee of the public agency that directed the vehicle to be towed. *See* Cal. Veh. Code § 22852(c).

***Declaratory Relief.*** Baptiste's claim for declaratory relief fails for the same reasons as the other two claims.

***Conclusion.*** For the reasons stated above, the motion to dismiss is **GRANTED** and the amended complaint is **DISMISSED**. Although it seems unlikely that Baptiste can fix the above deficiencies through amendment, it is possible that he could allege facts that would show San Francisco violated his rights in the tow hearing process, so amendment is not futile. San Francisco argues that Baptiste already received one chance to amend in state court, but the state court demurrer did not address the same grounds for dismissal as those in this order, and so dismissal is with **LEAVE TO AMEND**. If Baptiste wishes to file an amended complaint correcting the deficiencies identified above, he shall do so by **December 15, 2026**. He may not add new claims or parties without leave of Court or stipulation by the parties pursuant to Federal Rule of Civil Procedure 15. Any amended pleading must be signed by Baptiste, or if he obtains counsel, by his counsel. *See* Fed. R. Civ. P. 11(a). If no amended complaint is filed by that date, the case will remain dismissed and will be closed. Such dismissal would be with prejudice as to all claims except those concerning the alleged lack of notice of Baptiste's right to a hearing, which would remain dismissed without prejudice.

**IT IS SO ORDERED.**

Dated: November 24, 2026

RITA F. LIN
United States District Judge